IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00354-BNB

MICHAEL KECK,

Applicant,

v.

STEVEN HARTLEY,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant, Michael Keck, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Keck filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He asserts two claims for relief concerning his placement in administrative segregation and his disciplinary conviction. He also has filed a motion for the appointment of counsel.

I must construe the application liberally because Mr. Keck is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Respondent is ordered to file a Preliminary Response limited to addressing the issues of the one-year limitation period applicable under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

As his first claim, Mr. Keck alleges that on July 1, 2004, he was placed in administrative segregation; on August 30, 2004, he was released from administrative segregation and returned to the general population; and on September 16, 2004, after being accused of drinking alcohol, he was placed in punitive segregation, charged with the disciplinary violation of possession or use of dangerous drugs and, following a hearing, sanctioned by twenty days of punitive segregation and the loss of twenty days of good-time credits. He complains that on October 10, 2004, following the expiration of his twenty days in punitive segregation, he was informed he would not be allowed to leave segregation because he had been placed on administrative segregation status. He alleges that he remains in administrative segregation without notice or a hearing prior to his placement, without the opportunity to earn good-time credits, and with being subjected to the atypical and significant hardship of cell confinement except for five hours a week and no outdoor recreation since September 16, 2004. On the basis of these allegations, he contends that his rights to due process and to equal protection have been violated.

As his second claim, he complains about the procedure at his disciplinary conviction on charges of possession or use of dangerous drugs. He specifically contends that the procedure violated his rights to due process and to equal protection.

It is not clear from the application whether this action is barred by the one-year limitation period or whether Mr. Keck has exhausted state court remedies.

Historically, as part of my review of habeas corpus cases pursuant to local rule of practice 8.2C, D.C.COLO.LCivR, I ordered applicants in habeas corpus actions to show cause why the applications should not be denied as time-barred or for failure to exhaust

state court remedies if either or both of those affirmative defenses appeared to be relevant based on the allegations in the applications. In *Kilgore v. Attorney General of Colo.*, – F.3d –, No. 07-1014, 2008 WL 638727 (10th Cir. Mar. 11, 2008), however, the United States Court of Appeals for the Tenth Circuit determined that this approach was not appropriate in every case because the general rule in civil cases is that affirmative defenses must be raised by the respondent. Therefore, and consistent with the requirements of *Kilgore*, rather than ordering the applicant in a habeas corpus case to show cause why the application should not be denied, I will enter an order pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directing Respondents to file a Preliminary Response limited to the affirmative defenses of the one-year limitation period and exhaustion of state court remedies. Rule 4 authorizes a judge, if an application is not dismissed summarily, to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 1(b) of the Section 2254 Rules allows me to apply the rules to 28 U.S.C. § 2241 habeas corpus applications. I find that a Preliminary Response is more appropriate at this stage of the proceedings than a full answer pursuant to Rule 5 of the Section 2254 Rules.

Respondent is directed pursuant to Rule 4 of the Section 2254 Rules to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a

3

Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court. Accordingly, it is

ORDERED that **within twenty (20) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty (20) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response. It is

FURTHER ORDERED that the motion for appointment of counsel is denied as premature.

DATED April 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00354-BNB

Michael Keck
Prisoner No. 80976
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

Steven Hartley
c/o Cathie Holst
Colorado Department of Corrections
Office of Legal Affairs
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Cathie Holst for service of process on Steven Hartley; and to John Suthers: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 02/21/08 on 4/7/08 .

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk