IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00354-BNB

MICHAEL KECK,

    Applicant,

v.

STEVEN HARTLEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2008

GREGORY C. LANGHAM
                CLERK

ORDER OF DISMISSAL

Applicant, Michael Keck, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Crowley, Colorado. Mr. Keck initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his placement in administrative segregation and his disciplinary conviction. On April 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 5, 2008, Respondent filed his Preliminary Response asserting that Mr. Keck failed to exhaust state remedies as to his placement in administrative segregation and his disciplinary conviction, and that the instant action is barred by the one-year limitation period. On May 16, 2008, Mr. Keck filed a Reply to the Preliminary Response.

The Court must construe liberally the habeas corpus application and Reply filed by Mr. Keck because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

## I. Background and Claims

Mr. Keck's application challenges his September 2004 disciplinary conviction for possession/use of dangerous drugs and his placement in administrative segregation in October 2004, while he was housed at the Arkansas Valley Correctional Facility in Crowley, Colorado. As his first claim, Mr. Keck alleges that on July 1, 2004, he was placed in administrative segregation; on August 30, 2004, he released from administrative segregation and returned to the general population; and on September 16, 2004, after being accused of drinking alcohol, he was placed in punitive segregation, charged with the disciplinary violation of possession or use of dangerous drugs and, following a hearing, and sanctioned by twenty days of punitive segregation and the loss of twenty days of good-time credits. He complains that on October 10, 2004, following the expiration of his twenty days in punitive segregation, he was informed he would not be allowed to leave segregation because he had been placed on administrative segregation status. He alleges that he remains in administrative segregation without notice or a hearing prior to his placement, without the opportunity to earn good-time credits, and with being subjected to the atypical and significant hardship

2

of cell confinement except for five hours a week and no outdoor recreation since September 16, 2004. On the basis of these allegations, he contends that his rights to due process and to equal protection have been violated. As his second claim, he complains about the procedure at his disciplinary conviction on charges of possession or use of dangerous drugs. He specifically contends that the procedure violated his rights to due process and to equal protection.

Mr. Keck has filed multiple state and federal lawsuits challenging his disciplinary conviction and administrative segregation. Approximately on November 10, 2004, Mr. Keck filed *Keck v. Zenon*, No. 04CV95, a Colo. R. Civ. P. 106(a)(4) action in Crowley County District Court. In No. 04CV95, Mr. Keck claimed there was insufficient evidence to support his disciplinary conviction and that he improperly had been placed back in administrative segregation without a hearing. On March 3, 2005, the Crowley County District Court dismissed Mr. Keck's Colo. R. Civ. P. 106(a)(4) action for failure to pay the required filing fee. Mr. Keck did not appeal.

Approximately on May 22, 2006, Mr. Keck filed another action in Crowley County District Court, *Keck v. Doss*, No. 2006CV27, characterized and treated as a habeas corpus action, which complained about his prison disciplinary conviction for possession/use of danger drugs and his placement in administrative segregation in October 2004 without a hearing. The trial court dismissed the action because, to the extent Mr. Keck was challenging his prison disciplinary proceedings, his complaint was barred by Colo. R. Civ. P. 106(b). The trial court also held that Mr. Keck was not entitled to habeas corpus relief under the Habeas Corpus Act, Colo. Rev. Stat. § 13-45-

3

101. Finally, the trial court held that Mr. Keck had no right to remain in the general prison population. Once again, Mr. Keck did not appeal.

Approximately on September 12, 2006, Mr. Keck filed a "Petition for Writ of Injunction" in Fremont County District Court, *Keck v. Ortiz*, No. 06CV349, in which he argued that his "continued placement in administrative segregation is violating his constitutional rights." *See* Preliminary Response at ex. A-8, ¶ 23. He asked the trial court "to issue a writ of injunction ordering the Respondent to release the Petitioner from administrative segregation." *Id.* at 7. Respondent moved to dismiss the petition because: (1) Mr. Keck received an administrative segregation hearing; (2) the final agency action regarding Mr. Keck's administrative segregation proceeding occurred on August 2, 2004, or at the latest, in November 2004; (3) Colo. R. Civ. P. 106(a)(4) provided the exclusive remedy for challenging a prison administrative segregation proceedings; (4) a Colo. R. Civ. P. 106(a)(4) action must be filed within thirty days of the final agency action; and (5) the trial court lacked jurisdiction to consider Mr. Keck's claims because Mr. Keck failed to file his lawsuit within thirty days of the final agency action. On October 25, 2006, the Fremont County District Court granted Respondent's motion to dismiss. Mr. Keck did not appeal.

Mr. Keck also has filed two federal lawsuits raising the same claims he now asserts. *Keck v. Zenon*, No. 06-cv-02564-ZLW (D. Colo. Feb. 16, 2007), *aff'd*, No. 07-1100 (10th Cir. July 20, 2007), dismissed as legally frivolous Mr. Keck's claims that his constitutional rights were violated by his placement in administrative segregation without a new hearing in October 2004 and by his continued placement in

4

administrative segregation. In ***Keck v. Hartley***, No. 07-cv-00798-WYD-KMT (D. Colo. May 5, 2008), Mr. Keck claimed he improperly was placed in administrative segregation after completion of his punitive segregation without a hearing, that he improperly was convicted of a prison disciplinary violation without sufficient supporting evidence, and that he had been in administrative segregation since October 10, 2004. On May 5, 2008, the Honorable Wiley Y. Daniel affirmed and adopted the recommendation of Magistrate Judge Kathleen M. Tafoya that Defendants' motion to dismiss be granted because Plaintiff's constitutional challenges to his prison disciplinary conviction and October 2004 placement in administrative segregation are barred by the two-year statute of limitations applicable to civil rights claims.

## II. Failure to Exhaust and Procedural Default

Respondent first argues that Mr. Keck failed to exhaust state remedies regarding his claim that he improperly was placed in administrative segregation in October 2004 without a hearing. Mr. Keck is required to exhaust state remedies before he may raise his claims in federal court. ***See Montez v. McKinna***, 208 F.3d 862, 866 (10th Cir. 2000). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). A claim has not been exhausted if it has not been presented to the state's appellate courts for review. ***See White v. Meachum***, 838 F.2d 1137, 1138 (10th Cir. 1988). State remedies are not

5

exhausted until the highest state appellate court has had the opportunity to consider the merits of each claim a prisoner presents in federal court.

To the extent Mr. Keck believes the DOC was required by DOC policy to provide him with a new hearing before returning him to administrative segregation in October 2004, his remedy was to file a mandamus action pursuant to Colo. R. Crim. P. 106(a)(2). "Mandamus is an appropriate remedy where there has been a failure to perform a statutory duty." *Lamm v. Barber*, 192 Colo. 511, 517, 565 P.2d 538, 542 (1997), **overruled on other grounds**, **Board v. County Comm'rs v. Fifty-First Gen. Assembly**, 198 Colo. 302, 308, 599 P.2d 887, 891 (1979). Colo. R. Civ. P. 106(a)(2) "permits the district court to direct the [public entity] to proceed and exercise its discretion." *In Re Question Concerning State Judicial Review*, 199 Colo. 463, 465, 610 P.2d 1340, 1341 (1980) (internal quotation marks and citation omitted).

Mr. Keck failed to seek mandamus relief in state court. The state actions he did initiate used incorrect procedures, and he failed to appeal from the denial of the state actions he initiated using incorrect procedures, thus denying the appellate courts an opportunity to review his state court actions and determine whether those actions using incorrect procedures should have been treated as mandamus actions. In any case, Mr. Keck's use of incorrect, state-court procedures does not constitute exhaustion of state remedies. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), **cert. denied**, 489 U.S. 1059 (1987) (states may mandate a particular procedure to be used to the exclusion of other avenues of seeking relief "so long as the right of review is not foreclosed or unduly limited"). Because Mr. Keck never filed a mandamus action in

state court, he failed to exhaust state remedies regarding his claim that he should have received a hearing before being placed in administrative segregation in October 2004.

Mr. Keck also failed to exhaust his administrative and state remedies regarding his challenge to his prison disciplinary conviction for possession/use of dangerous drugs. Mr. Keck had two available remedies if he believed his prison disciplinary conviction was unlawful. First, he could have filed an administrative appeal. Pursuant to DOC policy, an inmate who is dissatisfied with the result of a disciplinary hearing has the right to appeal the decision of the hearing officer to the warden/director by submitting an appeal form. *See* DOC Administrative Regulation 150-01, IV.E.3.s. Mr. Keck never filed an offender appeal challenging his prison disciplinary conviction for possession/use of dangerous drugs. Therefore, he failed to exhaust his available administrative remedies. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (inmate's failure to comply with prison's administrative review procedure barred habeas action challenging computation of inmate's release date).

In order to exhaust state remedies, Mr. Keck needed to file a timely Colo. R. Civ. P. 106(a)(4) action. Colo. R. Ci. P. 106(a)(4) authorizes state courts to conduct judicial review of "judicial or quasi-judicial" proceedings of "any governmental body or officer or any lower judicial body." Colo. R. Civ. P. 106(a)(4). "A [prison] disciplinary hearing is a quasi-judicial action." *Kodama v. Johnson*, 786 P.2d 417, 419 (Colo. 1990). Colo. R. Civ. P. 106(a)(4) "provides the exclusive remedy for reviewing a quasi-judicial decision made by a governmental entity." *Board of County Comm'rs v. Sundheim*, 926 P.2d 545, 548 (Colo. 1996).

A complaint pursuant to Colo. R. Civ. P. 106(a)(4) must be filed within thirty days of final agency action. "If no time within which review may be sought is provided by any statute, a complaint seeking review under subsection (a)(4) of this Rule *shall* be *filed* in the district court not later than thirty days after the *final decision* of the body or officer." Colo. R. Civ. P. 106(b) (emphasis added). "The 30-day filing requirement contained in [Colo. R. Civ. P.] 106(b) is jurisdictional, and thus, a complaint to review the actions of a 'lower judicial body' will be dismissed if it is not filed within 30 days after final action by that tribunal." *Talley v. Diesslin*, 908 P.2d 1173, 1174-75 (Colo. App. 1995), *cert. denied* (1996).

Mr. Keck did not file a timely Colo. R. Civ. P. 106(a)(4) challenge to his prison disciplinary conviction. Generally, the warden's decision regarding an offender appeal constitutes final agency action for purposes of filing a Colo. R. Civ. P. 106(a)(4) action in state court. *See* DOC Administrative Regulation 150-01, IV.E.3.s.5. Arguably, there was no final decision the state court could have reviewed under Colo. R. Civ. P. 106(a)(4) because Mr. Keck did not file an offender appeal regarding his disciplinary conviction. Therefore, final agency action for Mr. Keck's disciplinary conviction for possession/use of dangerous drugs occurred on September 30, 2004, when a supervisor affirmed Mr. Keck's conviction. Mr. Keck was required to file his Colo. R. Civ. P. 106(a)(4) complaint within thirty days, i.e., on or before November 1, 2004. However, Mr. Keck did not file his petition pursuant to Colo. R. Civ. P. 106(a)(4) until November 10, 2004, nine days after the deadline expired. Even a delay of one day bars judicial review. *Danielson v. Zoning Bd. of Adjustment*, 807 P.2d 541, 543-44

(Colo. 1990) (Colo. R. Civ. P. 106(a)(4) complaint filed one day after thirty-day deadline expired was untimely and barred by Colo. R. Civ. P. 106(b)). Had the Crowley County District Court not dismissed Mr. Keck's petition in No. 04CV95 for failure to pay the filing fee, the trial court could have dismissed it under Colo. R. Civ. P. 106(b).

In addition, Mr. Keck did not appeal from the dismissal of his Colo. R. Civ. P. 106(a)(4) action. "A state prisoner generally is barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Because Mr. Keck failed to appeal the dismissal of his Colo. R. Civ. P. 106(a)(4) action, he failed to exhaust his state remedies.

Finally, since state court remedies no longer are available because Mr. Keck failed to comply with the deadline for taking an appeal, he procedurally defaulted the claims challenging his prison disciplinary conviction, and federal habeas review of those claims is barred. *See Woodford*, 548 U.S. at 92. Procedural default under state law "prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Mr. Keck has failed to do so. Therefore, because he failed to file a timely Colo. R. Civ. P. 106(a)(4) action challenging his prison disciplinary conviction, he procedurally defaulted his exclusive, state-court remedy. The application will be denied for failure to exhaust and as procedurally defaulted.

III. Time-Bar

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Keck is not challenging his underlying criminal conviction or sentence. Instead, he argues that his placement in administrative segregation in October 2004 and his conviction for a prison disciplinary violation affect the duration of his sentence.

He claims he improperly has been in administrative segregation since October 10, 2004. Mr. Keck knew of his allegedly illegal segregation on October 10, 2004. Therefore, Mr. Keck's limitation period should run from October 10, 2004, the date he discovered his claim. *See* 28 U.S.C. § 2244(d)(1)(D). He had until October 10, 2005, to file a federal habeas corpus action regarding his claim. He did not do so. Therefore, his claim is barred by the one-year limitation period.

However, the time during which a properly filed application for state postconviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244 (d)(2). Approximately on November 10, 2004, Mr. Keck filed a Colo. R. Civ. P. 106(a)(4) action in state court, i.e., No. 04CV95. As previously noted, a mandamus action under Colo. R. Civ. P. 106(a)(2) was the only proper way for Mr. Keck to argue that he was entitled to a hearing before being placed in administrative segregation. Therefore, as to Mr. Keck's challenge to his administrative segregation placement, the Colo. R. Civ. P. 106(a)(4) action was not "properly filed" pursuant to § 2244(d)(2) and, therefore, did not toll the one-year limitation period.

Even if Mr. Keck's filing of No. 04CV95 tolled the one-year limitation period, his claim still is time-barred. Mr. Keck filed No. 04CV95 on or around November 4, 2004. The case was dismissed on March 3, 2005. Therefore, at the very latest, Mr. Keck's limitation period expired on March 3, 2006. This Court did not receive his 28 U.S.C. § 2241 application for filing until February 8, 2008, almost two years after the one-year limitation period expired. Therefore, Mr. Keck's claim regarding his administrative segregation placement is barred by the one-year limitation period.

11

The Court next will address Mr. Keck's challenge to his prison disciplinary conviction. Under Colo. R. Civ. P. 106(b), Mr. Keck had until November 1, 2004, to file a Colo. R. Civ. P. 106(a)(4) action challenging his prison disciplinary conviction. Because the limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, *see* 28 U.S.C. § 2244(d)(1)(A), Mr. Keck's one-year limitation period for filing a federal habeas corpus action began running on November 1, 2004. Although Mr. Keck did file a Colo. R. Civ. P. 106(a)(4) action on or around November 10, 2004, the action was untimely and, thus, not "properly filed." *See* § 2244(d)(2). Mr. Keck's filing of an untimely Colo. R. Civ. P. 106(a)(4) action did not toll the limitation period. Mr. Keck was required to file his habeas corpus application on or before November 1, 2005. He failed to do so. Therefore, his habeas corpus application now is time-barred.

Even if Mr. Keck's filing of an untimely Colo. R. Civ. P. 106(a)(4) action did toll the limitation period, Mr. Keck's limitation period has expired. Mr. Keck filed No. 04CV95 approximately on November 10, 2004. The case was dismissed on March 3, 2005. At the latest, Mr. Keck's one-year limitation period expired on March 3, 2006. He did not submit his 28 U.S.C. § 2241 application for filing in this Court until approximately on February 8, 2008, almost two years too late. Therefore, Mr. Keck's challenge to his prison disciplinary conviction is barred by the one-year limitation period.

Mr. Keck does not specifically argue in his Reply to Respondents' Preliminary Response that this action is not barred by the one-year limitation period. Rather, he makes disjointed, confusing, and vague arguments, including that he did not file a mandamus action because the law library staff at the Arkansas Valley Correctional

Facility told him that he had to file a Colo. R. Civ. P. 106 action and because Colo. R. Civ. P. 106 stated that mandamus had been abolished, that he never received a copy of the order in No. 04CV95 dismissing the action for failure to pay the filing fee, and that from February 2004 until April 2006 he could not take any legal action because during that time he lost touch with his sister, to whom he alleges he had sent all the paperwork pertaining to the Colo. R. Civ. P. 106 action he initiated.

He also offers the vague argument that the only time he was not diligently prosecuting his case was when "copies of documents and my working file copies were missing," Reply at 7, failing to make clear whether he contends was prevented by state action from filing his 28 U.S.C. § 2241 application in a timely manner, *see* 28 U.S.C. § 2244(d)(1)(B), or whether he contends he prevented himself from doing so by losing contact with his sister. He maintains that his paperwork was taken in an effort to prevent him from filing an appeal in No. 06-cv-02564-ZLW, a civil rights action that has nothing to do with the instant habeas corpus action other than the fact that the asserted claims in both actions are based upon similar allegations. In any case, Mr. Keck clearly was allowed to appeal because on July 20, 2007, the United States Court of Appeals for the Tenth Circuit in No. 07-1100 affirmed this Court's dismissal of 06-cv-02564-ZLW for frivolousness. The Court will consider the arguments raised by Mr. Keck in his reply in the context of equitable tolling.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable

13

tolling may be appropriate if the inmate is actually innocent, when uncontrollable circumstances present a prisoner from filing in a timely manner, or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Keck bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

The Court finds that Mr. Keck's efforts discussed in his Reply do not demonstrate either the existence of an extraordinary situation when circumstances beyond his control prevented him from filing a timely application for a writ of habeas corpus or diligent efforts to pursue his claims. He does not allege that he actually is innocent. His failure to file a timely habeas corpus application because his copies of the paperwork pertinent to his Colo. R. Civ. P. 106 action were with his sister from February 2004 until April 2006, if offered as an argument of justifiable excuse or excusable neglect, is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. To the extent Mr. Keck is asserting that he is entitled to equitable tolling due to his ignorance of the law, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Therefore, the Court finds that Mr. Keck has failed to

demonstrate that equitable tolling is appropriate in this action. The instant action also will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for failure to exhaust, as procedurally defaulted, and as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00354-BNB

Michael Keck
Prisoner No. 80976
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_6/26/8\_\_

                      GREGORY C. LANGHAM, CLERK

                     By: _____
                              Deputy Clerk